**O**

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

**#36**

### CIVIL MINUTES - GENERAL

| Case No. | CV 10-7902 PSG (JEMx) | Date | March 14, 2011 |
|---|---|---|---|
| Title | Kinetics Noise Control, Inc. v. ECORE International, Inc. | | |

| Present: | The Honorable Philip S. Gutierrez, United States District Judge |
|---|---|

| Wendy K. Hernandez | Not Present | n/a |
|---|---|---|
| Deputy Clerk | Court Reporter | Tape No. |

| Attorneys Present for Plaintiff(s): | Attorneys Present for Defendant(s): |
|---|---|
| Not Present | Not Present |

**Proceedings:**     **(In Chambers) Order Denying Plaintiff's Motion for Reconsideration**

Pending before the Court is Plaintiff's Motion for Reconsideration of this Court's January 12, 2011 Order dismissing the case for lack of personal jurisdiction.  The Court finds the matter appropriate for decision without oral argument.  *See* Fed. R. Civ. P. 78; L.R. 7-15.  After considering the moving and opposing papers, the Court DENIES Plaintiff's Motion for Reconsideration.

I.     Background

Plaintiff Kinetics Noise Control, Inc. ("Plaintiff") is a corporation incorporated in and maintaining its principal place of business in Ohio.  *See Compl.* ¶ 3.  Defendant ECORE International, Inc. ("Defendant" or "ECORE") is a corporation incorporated in and maintaining its principal place of business in Pennsylvania.  *See id.* ¶ 5.  Plaintiff is a seller of a variety of flooring products, including rubber acoustical underlayment products.  *Id.* ¶ 29.  Rubber acoustical underlayment dampens sounds that other floors might not, and the products at issue in this case are made from recycled automobile tires.  *Id.* ¶¶ 16-18.  This type of flooring provides "points" towards obtaining Leadership in Energy and Environmental Design ("LEED") certification, which allows LEED participants to receive various governmental initiatives associated with "green" building.  *Id.* ¶¶ 18-21.

Defendant manufactures and sells acoustical underlayment products, and is the holder of the patent that is at the center of this case: U.S. Patent Number 6,920,723.  *See id.* ¶ 36.  Plaintiff alleges that Defendant fraudulently procured and wrongfully enforced the patent to monopolize the rubber acoustical underlayment market.  *See, e.g., id.* ¶ 64.

**O**

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

**#36**

### CIVIL MINUTES - GENERAL

| Case No. | CV 10-7902 PSG (JEMx) | Date | March 14, 2011 |
|---|---|---|---|
| Title | Kinetics Noise Control, Inc. v. ECORE International, Inc. | | |

On January 12, 2011, this Court granted Defendant's motion to dismiss all of plaintiff's claims for lack of personal jurisdiction. *See* Dkt. #34 (the "January 12 Order"). Plaintiff now moves for reconsideration of the January 12 Order under Local Rule 7-18(b) and (c). For the reasons that follow, the Court DENIES Plaintiff's Motion for Reconsideration.

II.      Legal Standard

Under Local Rule 7-18, a court may reconsider its ruling on a motion only upon a showing of (a) a material difference in law or fact that could not reasonably have been known to the moving party at the time of the original motion, (b) the emergence of new material facts or a change of law occurring after the decision, or (c) a manifest failure of the court to consider material facts presented. A motion for reconsideration is not an opportunity for the parties to raise an argument that could have, and should have, been raised earlier. *See* L.R. 7-18 ("No motion for reconsideration shall in any manner repeat any oral or written argument made in support of or in opposition to the original motion."); *see also Frietsch v. Refco, Inc.*, 56 F.3d 825, 828 (7th Cir. 1995) (Posner, J.) ("It is not the purpose of allowing motions for reconsideration to enable a party to complete presenting his case after the court has ruled against him. Were such a procedure to be countenanced, some lawsuits really might never end, rather than just seeming endless.").

Although Plaintiff does not identify the specific Federal Rule of Civil Procedure it seeks reconsideration under, likely Rule 59(e) or 60(b), the Court notes that the reconsideration under either is a tightly guarded remedy used only in "highly unusual circumstances." *See, e.g., Carroll v. Nakatani*, 342 F.3d 934, 945 (9th Cir. 2003) ("[A] motion for reconsideration should not be granted, absent highly unusual circumstances, unless the district court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law.").

III.      Discussion

Plaintiff argues that reconsideration is warranted under Local Rule 7-18 provisions (b) and (c), which permit a court to reconsider its ruling on the grounds of "the emergence of new material facts or a change in law occurring after the time of []decision," or "a manifest showing of failure to consider material facts presented to the Court before such decision," respectively. *See* L.R. 7-18(b), (c).

**O**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**#36**

**CIVIL MINUTES - GENERAL**

| Case No. | CV 10-7902 PSG (JEMx) | Date | March 14, 2011 |
|---|---|---|---|
| Title | Kinetics Noise Control, Inc. v. ECORE International, Inc. | | |

First, Plaintiff seeks reconsideration under Local Rule 7-18(b)'s "new material facts" provision because "after the Court granted [Defendant's] motion to dismiss, additional research was conducted and it was discovered that [Defendant] listed its products on a California government website that is specifically designed for California consumers and business." *See Mot.* 2:20-23. This fact, however, is not "new," but rather newly presented to the Court. Plaintiff does not indicate that these facts could not have been known with the exercise of reasonable diligence at the time of the January 12 Order or that the facts "emerged" only after the January 12 Order.

In response to Defendant's argument that the existence of this website and its contents could have been found earlier with a reasonably diligent search, Plaintiff demurs and insists that it is the nature of the "constantly evolving and updated Internet" that made the website undiscoverable until now. *Reply* 5:20-21. Plaintiff does not argue that the website did not exist before the January 12 Order or that it was somehow blocked from discovery. Parties must do their research before filing or opposing a motion and cannot benefit from waiting to research the facts of their case until after an unfavorable decision is reached by the Court. Plaintiff did just that in this case and the newly presented evidence does not present the type of "highly unusual circumstance" warranting reconsideration. *Carroll*, 342 F.3d at 945; *see also School Dist. No. 1J, Multnomah County v. ACandS, Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993) ("The overwhelming weight of authority is that the failure to file documents in an original motion or opposition does not turn the late filed documents into 'newly discovered evidence.'").

Plaintiff also argues, in the alternative, that reconsideration is warranted because this Court failed to "consider certain facts which are material to the question of personal jurisdiction over Defendant." *Mot.* 3:3-5. More specifically, Plaintiff points to the Court's statement in the January 12 Order that "Plaintiff has presented no evidence and made no allegation in the Complaint connecting any action taken by Defendant to enforce its patent in California," and argues that it is plainly false because "[i]n [the] complaint, and in [the] opposition to [Defendant's] motion to dismiss, [Plaintiff] stated that [Defendant] sent two cease and desist letters to [Plaintiff's] sole acoustical underlayment supplier U.S. Rubber Recycling . . . who [sic] is based in Colton, California." *Id.* 3:5-16. However, as stated by the Court in the January 12 Order, "Plaintiff's argument reads into the Complaint something that is not there." *See* Dkt. #34 at 6. While the Complaint does state that Defendant sent cease and desist letters to U.S. Rubber Recycling, it does not say that U.S. Rubber is based in California and that the letter was sent to it in California, nor did Plaintiff request that the Court take judicial notice of any fact related to U.S. Rubber Recycling's place(s) of operation such that the Court could have inferred that a cease and desist letter was sent to California. *See Compl.* ¶ 10.

**O**

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

**#36**

### CIVIL MINUTES - GENERAL

| Case No. | CV 10-7902 PSG (JEMx) | Date | March 14, 2011 |
|---|---|---|---|
| Title | Kinetics Noise Control, Inc. v. ECORE International, Inc. | | |

      The remaining bulk of Plaintiff's Motion for Reconsideration merely recites the arguments that Plaintiff made in response to Defendant's Motion to Dismiss, and, as Defendant notes, "no motion for reconsideration shall in any manner repeat any oral or written argument made in support or in opposition to the original motion." *See Opp'n* 4:12-14 (citing Local Rule 7-18).  Plaintiff does, however, argue that the Court "failed to address whether" all of Defendant's activities within California, "in combination . . . are enough to confer personal jurisdiction." *Mot.* 4:17-19.  This is simply not the case.  Plaintiff apparently would have liked the Court to say that because Defendant's subsidiary maintains an office in California, Defendant has enforced its patent in California, Defendant sells its products in California and Defendant's CEO attended a tradeshow in California, then, when considered together, Defendant has purposefully directed its activities at California. The Court is unable to do that.  As explained in the January 12 Order, the contacts of a subsidiary may not be attributed to its parent, *see* Dkt. #34 at 4, Plaintiff never alleged that Defendant enforced its patent in California, *see* Dkt. #34 at 5, and the Complaint indicated that Defendant's products were sold in California by way of the stream of commerce, not purposeful direction, *see* Dkt. #34 at 5-6.  Thus, the only real consideration remaining was Defendant's CEO's presence at trade shows in California, and, as the Court explained, "courts have already considered and rejected the trade show argument." *See* Dkt. #34 at 7 (citing decisions from the Southern District of California and District of Columbia for the proposition that "attendance at and sponsorship of a trade show is now, without more, sufficient to confer jurisdiction over a non-resident defendant.").  Thus, the Court considered all the relevant evidence presented by Plaintiff as well as the allegations in the Complaint and found that personal jurisdiction over Defendant was lacking.

      The existence and import of the newly presented facts *may* support the existence of personal jurisdiction over Defendant in this case.  Nevertheless, Plaintiff should have, and by all appearances could have, brought those facts to the attention of the Court in opposition to Defendant's Motion to Dismiss.  Motions for Reconsideration allow a Court to correct errors or ascertain the impact of facts that recently emerged or were not reasonably knowable earlier in litigation.  As a result, the Court DENIES Plaintiff's Motion for Reconsideration.

IV.    Conclusion

      Based on the foregoing, the Court DENIES Plaintiff's Motion for Reconsideration.

      **IT IS SO ORDERED.**